# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| CANDY N. COUCH, individually and on behalf of others similarly situated, <br><br> Plaintiff <br><br> vs. <br><br> PRAKASHSINGH PARMAR d/b/a HOLTON FOOD MART, KENT MERCANTILE, CHELSEA GENERAL STORE, DILLSBORO IGA and CROSS PLAINS STORE, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) **FLSA COLLECTIVE ACTION** <br> ) **COMPLAINT UNDER** <br> ) **29 USC § 216(b)** <br> ) <br> ) CASE NO.   4:22-cv-99 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

***PLAINTIFF'S COLLECTIVE ACTION AND INDIVIDUAL COMPLAINT FOR DAMAGES***

Comes now Plaintiff Candy N. Couch ("Couch"), by counsel, and for her individual and FLSA Collective Action Complaint against the Defendant Prakashsingh Parmar ("Parmar"), alleges and says:

### I. STATEMENT OF THE CASE

Couch brings this collective action lawsuit against Parmar to address class-wide wage and hour violations committed by Parmar against his hourly-paid employees. Couch will serve as representative for the FLSA collective action.

Specifically, Parmar is and has been underpaying his hourly-paid employees' wages and overtime on a systematic, class-wide basis as a result of a series of blatant wage and hour violations. Those illegal practices include Parmar's flat, class-wide refusal to pay his employees

at overtime compensation rates (one and one half times regular rate) for overtime hours worked. Additionally, Parmar chooses to treat certain compensable work as unpaid time, particularly time spent traveling from one of Parmar's stores to another of Parmar's stores to work during the same continuous work day.

## II. FACTUAL ALLEGATIONS

1. Couch is a resident of the State of Indiana, and is domiciled in Hanover, Jefferson County, Indiana.

2. Parmar owns and operates a series of connected groceries, convenience stores and gas stations in Southern Indiana. Those unincorporated stores are the Holton Food Mart (in Holton, Ripley County, Indiana), the Kent Mercantile (in Madison, Jefferson County, Indiana), the Chelsea General Store (in Lexington, Scott County, Indiana), the Dillsboro IGA (in Dillsboro, Dearborn County, Indiana) and the Cross Plains Store (in Cross Plains, Ripley County, Indiana).

3. Couch worked for Parmar as a cashier and store employee at the Holton Food Mart and Kent Mercantile, often working at both locations during the same day. Parmar hired Couch to work for him in approximately April 2018. Parmar wrongfully terminated Couch on May 11, 2022 after Couch suffered a work injury and reported that work injury to Parmar. Parmar paid Couch at the rate of $12.00 per hour for all hours she worked. This included hours in excess of 40 in a work week. Parmar still paid only $12.00 per hour for overtime hours of work. Couch routinely worked 55 to 60 hours per week, meaning she worked at least 15 to 20 overtime hours every work week. She was never paid overtime premium pay.

4. Similarly, Parmar employs many other hourly paid employees who also routinely

work well in excess of forty hours each work week, but Parmar pays "straight time" rather than overtime rates (one and one half regular rate) for the overtime hours worked. Particularly with turnover, Couch believes Parmar has employed and paid 100 or more employees in this manner (no overtime premium pay for overtime hours).

5. Additionally, Couch worked significant uncompensated hours for Parmar. This was true in virtually every work week. The most common work Couch performed, but Parmar did not pay, involved work time Couch spent driving for Parmar in her own vehicle. The two most common types of work activity Couch performed, but was not paid wages, were mid-day work travel from one store to a next store (in her case, time between work inside the Holton Food Mart and Kent Mercantile) and time driving to pick up or drop off merchandise between Parmar's stores. This occurred virtually every week and, on average, Parmar failed to pay Couch for several additional overtime hours every work week. Additionally, Parmar does not reimburse Couch in any way for her mileage driving for his business. This causes illegal kickbacks which negatively affect Couch's overtime wages.

6. In similar fashion, Parmar fails and refuses to pay similarly situated employees for work time spent driving work errands and driving from one store to the next to work during the same continuous work days. Cumulatively, this failure to pay for travel and errand time causes very substantial unpaid wage and unpaid overtime violations on a class-wide basis. Also similarly, Parmar does not reimburse other similarly situated employees for mileage for work time driving in employees' own vehicles, causing additional, class-wide overtime kickback violations.

7. At present, Couch will have difficulty providing more detailed examples of

Parmar's wage violations, particularly since Parmar fails to keep wage records and fails to provide Couch and other employees pay stubs, all in violation of the FLSA, see 29 USC § 211(c) and 29 CFR § 516.2, and Indiana, see I.C. 22-2-2-8 and I.C. 22-1-1-15, wage and hour recordkeeping requirements. Parmar paid Couch and her similarly situated coworkers in cash and in personal checks, but did not provide any written statements of hours worked, wages paid, or other terms and conditions of employment.

8. As described in the paragraphs above, Couch worked overtime hours and worked uncompensated hours in virtually or in every work week, but Parmar refused to pay overtime premium for overtime hours worked and failed to pay for certain work hours, particularly travel and errand hours. Similarly, Parmar failed to pay very substantial overtime to the entire class of similarly situated workers every work week.

9. Couch was actually harmed and underpaid wages and overtime based upon Parmar's implementation of his unlawful wage practices as described herein.

10. Parmar has intentionally, knowingly, with reckless disregard and systematically violated his employees' rights to earned wages and earned overtime through Parmar's illegal wage rules and practices. Parmar has intentionally, knowingly, with reckless disregard and systematically violated Couch's and all similarly situated employees' rights to be paid earned wages and to be paid earned overtime compensation and minimum wages. Parmar deliberately and intentionally implemented a series of rules and practices in order to pay less in wages and less in overtime compensation to his employees.

### III. COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff incorporates herein by reference paragraphs 1 - 10 above.

12. This Complaint is brought as a collective action on behalf of other current and former Parmar hourly-paid employees who were similarly denied payment of wages and overtime compensation under Parmar's compensation scheme that stemmed from a refusal to pay overtime premium compensation and Parmar's refusal to pay for certain work hours, particularly work travel and work errand time.

13. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Couch and all of Parmar's current and former hourly-paid employees who were damaged by Parmar's compensation system which required and resulted in substantial uncompensated work and unpaid overtime. By virtue of the "collective action," Plaintiff represents the identical and/or similar interests of former and current hourly-paid coworkers denied wages and overtime compensation under the same circumstance. Plaintiff anticipates that other Parmar employees and former employees will opt in to the action.

14. The number of Parmar's current and former employees who will be members of this collective action is so great (numerosity) that joinder of all members is impractical. Instead, Plaintiff will pursue discovery to obtain the names of the other current and former Parmar employees, to provide notice of the collective action, and to offer the opt-in opportunity, and to provide notice of the class action and to offer the opt-out opportunity.

15. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group.

16. Couch's claims are typical of the claims of the whole collective group of current and former hourly-paid employees harmed by Parmar's illegal wage practices. Plaintiff's claims are typical of the claims of the whole class of current and former Parmar hourly-paid employees

harmed by Parmar's illegal wage practices.

17. Couch will act to fairly and adequately protect the interests of the entire collective group of current and former Parmar employees.

18. A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

19. A collective action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

## IV.  JURISDICTION AND VENUE

20. This Court has jurisdiction over Parmar's FLSA claims under 28 USC § 1331 as those FLSA claims raise questions of federal law. See 29 USC § 201 et seq. The Court has supplemental jurisdiction over Parmar's Indiana law claims, which have a common basis in fact with her own FLSA claims.

21. This Court is the appropriate venue for this cause of action as Parmar in counties within the New Albany Division of the U.S. District Court for the Southern District of Indiana and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1391.

## V.  STATEMENT OF CLAIMS

### A.  Fair Labor Standards Act Claims

22. Couch incorporates herein by reference paragraphs 1 through 21 above.

23. Parmar, a sole proprietor of five or more stores, is an "enterprise" as those terms are defined by the FLSA, and Parmar is covered by the overtime and minimum wage provisions of the FLSA.  Parmar is an "employer," as that term is defined by the FLSA.  Finally, Parmar is a "person" as that term is defined by the FLSA.

24. Parmar has violated Couch's rights and the rights of all members of the Plaintiff Class to be properly paid overtime wages in a manner required by the FLSA. Parmar has committed overtime violations by failing to pay Couch and her similarly situated coworkers any overtime premium compensation for overtime hours worked and failing to pay wages and overtime wages for all hours of work.

25. Parmar has repeatedly violated the FLSA's overtime provisions by not paying Couch and members of the Plaintiff Class at the required overtime compensation rate for all hours worked over 40 in a work week.

26. Parmar's failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects Parmar to a three year statute of limitations.

27. Couch and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Parmar's violations of their rights under the Fair Labor Standards Act.

### *B. Couch's Individual Indiana Wage Claims Statute Claims*

28. Couch incorporates herein by reference paragraphs 1 through 27 above.

29. Couch was involuntarily terminated from employment by Parmar. As such, Couch's wage claims to recover unpaid and underpaid wages arise under the Indiana Wage Claims Statute, I.C. 22-2-9. Couch ns obtained a letter from the Indiana Attorney General's Office dated July 20, 2022 which permits her attorney to file this wage claim on Couch's behalf as the Indiana Attorney General's "designee."

30. By way of this Claim, Couch is seeking all available damages, including all unpaid wages, all underpaid wages, any available liquidated, punitive and/or treble damages, all attorney's fees, costs and expenses, plus any other damage to which Couch may be entitled pursuant to law. Pursuant to I.C. 22-2-9-4, which incorporates I.C. 22-2-5-2, Couch is seeking payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

### *VI. PRAYER FOR RELIEF*

WHEREFORE, Couch respectfully requests that the Court enter judgment against Parmar, and issue all available relief to her and to all eligible members of the Plaintiff Collective Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All unpaid work hours;

3. To Couch, individually, all statutory damages under I.C. 22-2-9, including, but not limited to, all unpaid wages, liquidated damages, costs, and attorney's fees;

4. All reasonable attorney's fees and expenses;

5. Costs;

6. Prejudgment interest, if available; and

7. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By /s/ Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com

BUNGER & ROBERTSON

Brian R. Drummy
Attorney No. 26348-49
211 South College Ave.
Bloomington, IN 47404
(812) 332-9295
Facsimile: (812) 331-8808
bdrummy@lawbr.com